IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAY E. LABOUVE, )
)
           Plaintiff, )
)
v. ) No. 02 C 8873
)
THE BOEING COMPANY, )
)
           Defendant. )

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

Losing plaintiff Jay LaBouve ("LaBouve") has filed a "Motion or Petition for Relief from Judgement [sic]," seeking to have this Court revisit its 20-page August 20, 2005 memorandum opinion and order ("Opinion") that granted summary judgment in favor of The Boeing Company ("Boeing") in LaBouve's federal employment discrimination lawsuit. Because that new filing also displays the same basic flaws that spelled doom for LaBouve to begin with, this supplement to the Opinion can dispatch LaBouve's motion in comparatively short order.

Before that is done, however, two general propositions should be stated at the outset, in light of the fact that this Court has already considered and rejected the matters adduced in LaBouve's most recent filing. One is set out in the felicitous statement by the late Judge Dortch Warriner as to why such motions for reconsideration ordinarily should not--and do not--form the basis for a judicial about-face (<u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va.

1983)):

> The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

And the other is this Court's more abbreviated, but equally accurate, comment along the same lines in Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)(as adapted to this case), which has been cited and quoted by other courts around the country:

> Despite what [LaBouve] appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.

But in this instance those general principles simply buttress the case-specific and fatal defect displayed in LaBouve's renewed effort.[1] Throughout this new filing, just as

---

[1] What follows in the text is quite apart from the blithe failure of LaBouve's counsel to say even a word about his original failure to have complied with this District Court's LR 56.1, which has been expressly designed to implement Fed. R. Civ. P. 56 by identifying the existence or nonexistence of genuine issues of material (that is, outcome-determinative) facts (see Opinion at 2-3). Less than a week after the Opinion was issued, our Court of Appeals once again reconfirmed the necessity of a litigant's compliance with LR 56.1 in FTC v. Bay Area Bus. Council, Inc., No. 04-2173, 2005 WL 2036251, at *4-*5 (7th Cir. Aug. 25), stating as part of that extended discussion (citations

in their original submission, LaBouve's counsel persist in ignoring the basic fact that it is Boeing and <u>only</u> Boeing that has been sued here. Although the current submission correctly acknowledges, both early (Motion at 2) and late (Motion at 4), that McDonnell Douglas Services, Inc. ("McDonnell Services") is a corporate subsidiary of Boeing, LaBouve's entire filing persists in an impermissible effort to obliterate, not merely to blur, the separate corporate existence of that subsidiary and the significance of that independent existence. Even apart from the additional separate corporate existence of Alsalam Aircraft Company, LaBouve's actual employer (the company for which he chose to work when he was laid off by McDonnell Services in January 1998), nothing supports his counsel's effort to ascribe McDonnell Services' actions to its parent company Boeing (in that regard, see <u>Papa v. Katy Indus., Inc.</u>, 166 F.3d 937, 940-42 (7th Cir. 1999) and the discussion at Opinion 9-10).

Thus LaBouve's current motion recites a number of matters

---

omitted):

> Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules.

This supplement's principal focus on just one of the fundamental flaws in LaBouve's position should not be mistaken as any retreat from that principle or any of the other matters that were dealt with extensively in the Opinion.

3

that relate to conduct of McDonnell Services, but the only thing that he can attribute to his actual target--Boeing--is an October 14, 1998 advertisement by Boeing in the <u>St. Louis Post Dispatch</u> for possible employment by McDonnell Services or Alsalam, as described in Motion at 1-2:

> The advertisement calls for applicants for McDonnell Douglas Services, Inc. and Al Salaam Aircraft Company; the latter was identified in the advertisement as a Saudi firm under contract to McDonnell Douglas, and the advertisement was seeking additional personnel to provide training and technical support for the F15. The advertisement also said that candidates applying may be selected as MDS employees or Al Salaam employees. The advertising identified McDonnell Douglas Services, Inc. as a subsidiary to The Boeing Company.

Apparently LaBouve's counsel are unwilling to recognize that the cited advertisement reinforces, rather than diluting, the separate existence of both McDonnell Services and Alsalam and the fact that the advertised-for applicants (like LaBouve) would <u>not</u> be employed by Boeing itself.

In short, LaBouve's motion for relief is conceptually empty. It is denied.

                                      */s/ Milton I. Shadur*
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: September 14, 2005